## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| KRISTINA FLETCHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-179 (LAG) |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the Parties' Joint Motion for a Consent Protective Order. (Doc. 14). Therin, the Parties ask the Court to enter a consent protective order to "expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential, and ensure that protection is afforded only to material so designated." (Doc. 14 at 1). The Parties represent that discovery will include personnel records, confidential materials of a proprietary and/or personal nature, sensitive financial information, confidential business information, and medical records. (*Id.*).

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order upon finding good cause. Stipulated protective orders have become "commonplace in the federal courts" to allow the parties "to designate particular documents as confidential . . . and postpone[] the necessary 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Trib. Co. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). Accordingly, the Court finds a protective order is warranted to facilitate discovery. The Parties Joint Motion for a Consent Protective Order (Doc. 14) is **GRANTED**, and the Parties' proposed Consent Protective Order (Doc. 14-1) is hereby **ADOPTED** and made the **ORDER** of the Court.

2

**SO ORDERED**, this 8th day of July, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**